In Re: Nomination Papers of Louis R. PERUGINI, Candidate for City Council, District One, City of Reading, County of Berks, Commonwealth of Pennsylvania.

**Appeal of: Valentin Rodriguez, Jr.**

Commonwealth Court of Pennsylvania.

Argued and Decided Sept. 14, 2005.

Publication Ordered Oct. 24, 2005.

Samuel C. Stretton, West Chester, for appellant.

No appearance entered on behalf of appellee.

OPINION BY Judge PELLEGRINI.

This is an appeal by Valentin Rodriguez, Jr. (Rodriguez) from an order of the Court of Common Pleas of Berks County (trial court) denying his petition to Set Aside the Nomination Petition of Louis R. Perugini (Perugini) as an Independent for the District One City Council race in the City of Reading because it had insufficient signa-

tures to be permitted to stand for office on November 8, 2005. The sole issue in this case is which election should be used as the base year to calculate the two percent (2%) of the vote cast to determine the number of signatures needed on a nomination petition for a candidate to be placed on the ballot—the last preceding election that took place for that district office in 2001 or the last election in 2004.

In addition to the party nominations made at primaries, independent candidates for any public office may be placed on the ballot through the nomination petitions of qualified electors of the electoral district for which the nomination is made. Section 951 of the Election Code,[1] 25 P.S. § 2911(a). Desiring to stand as an independent for Reading City Council, Perugini filed his Nomination Petition for the District One Reading City Council seat with the Berks County Board of Election containing fifty (50) signatures. Rodriguez contends that Perugini's petition is deficient because it has an insufficient number of signatures of qualified electors, calculating the needed number of qualified electors using the 2004 election as the base year. For that base year, two percent (2%) of the largest vote cast for any officer enrolled in that election equaled seventy-five (75).[2] There is no dispute that the (fifty) 50 signatures would be insufficient and his Nomination Petition would have to be stricken. Perugini, however, contends that the base year election is the 2001 election, the last election where an officer was elected for the District One. Using the largest vote getter for that election, Perugini argues that he needs only twenty-one (21) signatures, making the fifty (50) signa-

---

1. Act of June 3, 1937, P.L. 1333, *as amended.*

2. The largest vote getter in District One was Bob Casey, Jr., who was running for State Treasurer. He garnered 3,718 votes, of which 2% would require 75 signatures on the petition.

tures on the Nomination Petition sufficient.[3]

The number of qualified electors that have to sign the nomination petition is set forth at Section 951(b) of the Election Code, 25 P.S. § 2911(b), which provides, in relevant part:

In the case of all other nominations, the number of qualified electors of the electoral district signing such nomination papers shall be *at least equal to two per centum of the largest entire vote cast for any officer,* except a judge of a court of record, *elected at the last preceding election in said electoral district for which said nomination papers are to be filed,* and shall be not less than the number of signers required for nomination petitions for party candidates for the same office. (Emphasis added.)

Agreeing with Perugini, the trial court found that the proper measuring rod to ascertain the number of signatures needed under 25 P.S. § 2911(b) required that the base year be the last year where an office holder, i.e., a council member, was elected by the electoral district in question, i.e., the year 2001, when District One elected a councilman, the only office elected solely by the voters of District One. Because Perugini had more than the twenty-one (21) signatures required, it denied Rodriguez's Petition to Set Aside the Nomination Petition.

All the parties cite to *Moore v. Osser,* 427 Pa. 238, 233 A.2d 579 (1967), as controlling. In *Moore,* candidates of a minor political party filed nomination papers in Philadelphia for the offices of mayor and several councilmen-at-large which were rejected. The candidates then brought a mandamus action to compel the commissioners to accept the contested papers. The decision turned on the construction of 25 P.S. § 2911(b) of the Election Code and involved the same general issue, namely, which election year should be used to calculate the two percent (2%) of the largest entire vote cast for any officer. The dispute was whether the base year was 1963, where the highest number of votes cast were for a successful city-wide candidate for mayor, or 1965, where the candidate for district attorney received the highest number of votes. If 1965 was the proper year to be utilized, the candidates would have sufficient signatures, but if the 1963 mayor race was used, then the petitions would be deficient. Our Supreme Court held that 25 P.S. § 2911(b) held that statute employed as the base the most recent election, regardless of the office involved, in the particular election district in question.

Rodriguez contends that under *Moore,* the choice of the base year is not restricted to a year where an election was held for the same office because mayor and councilmembers-at-large are certainly different offices than the district attorney. What that argument ignores, though, is that in *Moore,* while the offices, like here, may be different, the electoral district for mayor, councilmembers-at-large and district attorney were all the same—the City of Philadelphia, which is not the situation here. Section 951(b) of the Election Code provides that the base year is "the last preceding election in said electoral district for which said nomination papers are to be filed." The Reading District One Council seat is obviously not the same "electoral district for which said nomination papers are to be filed" as Bob Casey's statewide

---

**3.** In the 2001 election, Angel Figueroa, running for District One Council, was the largest vote getter. He garnered 1,034 votes, of which 2% would require 21 signatures on the petition.

office for State Treasurer. Because the two percent (2%) standard is calculated under 25 P.S. § 2911(b) on "the last preceding election in said electoral district for which said nomination papers are to be filed," the base year election is the 2001 election, the last election for the electoral district in question—Reading Council District One.

Accordingly, because Perugini has sufficient signatures for that year, the trial court's order is affirmed.

### ORDER

AND NOW, this *14th* day of *September,* 2005, the order of the Court of Common Pleas of Berks County, dated August 12, 2005, is affirmed.